# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Maria Noemi B. Bautista,<br><br>    Plaintiff(s),<br><br>v.<br><br>Reynaldo P. Gacad,<br><br>    Defendant(s). | Case No. 2:25-cv-01226-NJK[1]<br><br>**ORDER**<br><br>[Docket Nos. 6, 10] |

On October 6, 2025, the Court issued a notice of intent to dismiss for lack of service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Docket No. 6. On October 14, 2025, Plaintiff filed a motion to accept proof of service by mail. Docket No. 10.[2] The Court construes that motion as a response to the notice of intent to dismiss.

For civil actions in federal court, service on a defendant within the United States is permitted as follows:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > (2) doing any of the following:
> >
> > > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > >
> > > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

---

[1] This case is proceeding before the undersigned magistrate judge as part of the opt-out consent program. *See* Docket Nos. 3-4; *see also* Gen. Order 2023-11.

[2] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Hence, for a defendant living in California named in a lawsuit in federal court in Nevada, service must be achieved either as permitted under California law or Nevada law, or in a manner identified in Rule 4(e)(2).

Plaintiff represents that she has attempted service through the mail and that Defendant has notice of the lawsuit. Plaintiff's motion does not include any legal authority or argument that service by mail is effective under California law, Nevada law, or Rule 4(e)(2). Plaintiff also explains that that she is proceeding *pro se*, which makes effectuating service more difficult. While the Court liberally construes the filings of *pro se* parties, they are still required to comply with the governing rules on service of process. *See, e.g.*, *Williams v. Bellagio Hotel & Casino*, 728 F. Supp. 3d 1166, 1170 (D. Nev. 2024).

In light of the circumstances, Plaintiff has not shown that the mailed service completed to date is sufficient and the motion to that effect (Docket No. 10) is **DENIED** without prejudice. The Court **DEFERS** ruling on the notice of intent to dismiss for lack of service. Docket No. 6. No later than November 5, 2025, Plaintiff must either (1) explain in meaningful fashion how the mailed service to date satisfies California law, Nevada law, or Rule 4(e)(2), or (2) file a proof of other service efforts that do satisfy California law, Nevada law, or Rule 4(e)(2).

IT IS SO ORDERED.

Dated: October 14, 2025

_____
Nancy J. Koppe
United States Magistrate Judge