UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARIA NOEMI B. BAUTISTA, Plaintiff, v. REYNALDO P. GACAD, Defendant. | Case No. 2:25-cv-01226-ART-NJK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 23) |

*Pro se* Plaintiff Maria Noemi B. Bautista brings claims of fraud, bigamy, property loss, and harassment against her husband, Defendant Reynaldo P. Gacad. (*See* ECF No. 1). Plaintiff and Defendant were married in Las Vegas in November 2018. *Id.* at 1. Plaintiff is a Filipino citizen who lives in the Philippines (ECF No. 9), whereas Defendant resides in California (ECF No. 14).

Before the Court is Plaintiff's motion for default judgment. (ECF No. 22). United States Magistrate Judge Nancy J. Koppe has issued a Report and Recommendation ("R&R") recommending dismissal of the case without prejudice. (ECF No. 23). For the reasons identified below, the Court overrules Plaintiff's objections, adopts the R&R, and denies Plaintiff's motion for default judgment.

## I. FACTS AND PROCEDURAL HISTORY

Apart from her marriage in Las Vegas, Nevada, Plaintiff's allegations are centered around conduct that occurred in California and the Philippines. (*See* ECF No. 1). Plaintiff alleges harms stemming from Defendant's actions with respect to a clinic, restaurant, resort, and business in the Philippines, along with personal and professional harms (both reputational and financial) in her home country. *Id.* The complaint does not otherwise allege any facts connected to the state of Nevada. Plaintiff seeks injunctive relief, $1.5 million in damages, and a

monthly "renumeration" of $5,000.00 for life. *Id.* at 7.

Plaintiff filed a certificate of service upon Defendant in October 2025 (ECF No. 13), before moving in November 2025 for entry of default after Defendant's failure to appear (ECF Nos. 18, 19). In her order granting the entry of default, Judge Koppe instructed Plaintiff to "include discussion of all pertinent considerations, *see, e.g., Eitel v. McCool*, 782 F.2d 1470,1471-72 (9th Cir. 1986), and show that this Court may exercise personal jurisdiction over Defendant, *see, e.g., Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999)" in her motion for default judgment. (ECF No. 19). The Clerk then entered default in December 2025. Because Plaintiff had not yet filed a motion for default judgment, Judge Koppe issued an order on March 9, 2026, instructing Plaintiff to file a motion for default judgment. (ECF No. 21). Plaintiff filed her motion for default judgment (ECF No. 22) without objection from Defendant.

Judge Koppe recommended in the R&R that the action be dismissed without prejudice, because Plaintiff failed to address the *Eitel* factors and, "more importantly," failed to show that the Court possessed personal jurisdiction over Defendant. (ECF No. 23 at 2). Judge Koppe found that the Court could dismiss an action *sua sponte* for a lack of jurisdiction. *Id.* Given that Plaintiff's only allegation of a nexus between her claims and the forum was her marriage in Las Vegas to Defendant, Judge Koppe found that there was an insufficient basis to establish the Court's personal jurisdiction. *Id.*

Plaintiff filed two objections to the R&R, which are duplicative of each other. (ECF Nos. 27, 28). Plaintiff argues that the Court has personal jurisdiction over Defendant, because her claims arise from her marriage with Defendant under Nevada state law. *Id.* at 2. She also alleges facts, not raised in her complaint, about the parties' travel to Nevada for mutual business endeavors and Defendant's online harassment of Plaintiff while in Nevada. *Id.* Plaintiff acknowledges that she does not address the *Eitel* factors in her motion for default

judgment and seeks leave to amend, should the Court find it has jurisdiction over Defendant. *Id.* at 3.

## II. LEGAL STANDARD

Under the Federal Magistrates Act, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

When considering an entry of default judgment, a district court has an "affirmative duty" to determine its jurisdiction and "may dismiss an action *sua sponte* for lack of personal jurisdiction." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999); *see also Apogee Tech. Consultants v. Buffum*, 2018 WL 5310407 at *2 (D. Nev. May 16, 2018) ("*Sua sponte* dismissal at the default judgment stage (as in *Tuli*) is appropriate because the defendant has been served and afforded an opportunity to challenge jurisdiction but has not[.]").

Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

## III. DISCUSSION

Because Plaintiff filed a timely objection to Judge Koppe's R&R, this Court will review the motion *de novo*.

As an initial matter, the Court will address the newly raised allegations by Plaintiff in her objections regarding conduct that occurred in Nevada. This Court will only consider the facts raised by Plaintiff in her complaint when reviewing the motion for default judgment. When evaluating a motion for default judgment,

"'facts which are not established by the pleadings of the prevailing party…cannot support the judgment.'" *Hanson v. Décor Interior Design, Inc.*, 2024 WL 6965599 at *3 (C.D. Cal. 2024) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *see also Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."). The Court's analysis of its personal jurisdiction over Defendant will proceed based on Plaintiff's pleadings. The Court will take the "'well-pleaded factual allegations' in the complaint 'as true.'" *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (citation omitted).

The Court does not possess general or specific personal jurisdiction over Defendant and therefore cannot enter default judgment in Plaintiff's favor. Personal jurisdiction must comply with constitutional due process requirements and statutory requirements. "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Nevada authorizes state court jurisdiction "on any basis not inconsistent with … the Constitution of the United States." NEV. REV. STAT. § 14.065 (2011). Therefore, this Court will address how federal due process limitations constrain its "authority to bind a nonresident defendant to judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283 (2014).

Because Defendant is apparently domiciled in California, and no indication exists that he is domiciled in Nevada, this Court lacks general personal jurisdiction over him. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]").

Furthermore, Defendant's contacts with Nevada are insufficient to establish this Court's specific jurisdiction over him. Due process requires that an individual "'have certain minimum contacts with [the forum] such that the

maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Ninth Circuit has adopted a three-part test to assess whether a court possesses specific personal jurisdiction over a defendant:

> "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Doe v. Deutsche Lufthansa*, 157 F.4th 1103, 1110 (9th Cir. 2025) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

Defendant's marriage to Plaintiff in Nevada is insufficient to establish the Court's personal jurisdiction over him. "Purposeful availment" is a shorthand umbrella term that guides a purposeful availment analysis in contractual claims and a purposeful-direction analysis in torts claims. *Schwarzenegger*, 374 F.3d at 802. Purposeful availment typically occurs when a defendant has taken action within the forum, "such as executing or performing a contract there." *Id.* In comparison, purposeful-direction "usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Id.* at 803. It appears that Plaintiff brings torts claims against Defendant. (*See* ECF No. 1). However, Plaintiff's objections are grounded in a purposeful availment analysis—that Defendant purposefully availed himself to the forum by his actions within the state "creating marital obligations governed by Nevada law." (ECF No. 27 at 2). Under either analysis, Plaintiff's claims fail. First addressing purposeful availment, the only action Defendant has taken in Nevada was entering into marriage with Plaintiff. (*See* ECF No. 1). For the reasons discussed below, this

marital act is insufficient to establish the Court's specific personal jurisdiction over Defendant under the second prong of the three-part test. Second, Plaintiff does not plead any facts related to Defendant's actions outside of Nevada that are "directed" at the forum state, so she is likewise unable to establish personal jurisdiction under a purposeful-direction analysis.

The Court lacks personal jurisdiction over Defendant, because Plaintiff is unable to demonstrate that her action "arises out of or relates to" Defendant's conduct in Nevada. The Ninth Circuit has adopted a "but-for" test to determine whether the second prong of specific personal jurisdiction is satisfied, "i.e., plaintiff's not suffering a loss 'but for' defendant's contacts satisfies the element." *Three Rivers Provider Network, Inc. v. Med. Cost Containment Pros., LLC*, 2018 WL 3620491 at *5 (D. Nev. July 30, 2018) (citing *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995)). Plaintiff cannot meet the demands of the but-for test. Plaintiff could still bring claims against Defendant, even if Defendant did not marry her in Las Vegas. Defendant's purported fraudulent or harassing actions with respect to personal property, real property, shared businesses, or Plaintiff's reputation are not based out of conduct that occurred in Nevada. (*See* ECF No. 1). Defendant's marriage to Plaintiff in Nevada is insufficiently connected to Plaintiff's claims in this action. Therefore, the Court lacks personal jurisdiction over Defendant.[1]

Because the Court finds that it lacks personal jurisdiction over Defendant, it will not reach Plaintiff's objection seeking leave to amend their motion to sufficiently address the *Eitel* factors. (*See* ECF No. 27 at 3).

---

[1] The Court will not address whether the third prong of the specific jurisdiction test is met, given that Plaintiff has failed to meet their burden with respect to the second prong at a minimum. Defendant would bear the burden of demonstrating that the Court's jurisdiction over him would be unreasonable, should Plaintiff have succeeded on the first two prongs. *Schwarzenegger*, 374 F.3d at 802.

**IV. CONCLUSION**

It is therefore ordered that Plaintiff's objections (ECF Nos. 27, 28) to Judge Koppe's Report and Recommendation (ECF No. 23) are OVERRULED.

It is further ordered that Judge Koppe's Report and Recommendation is ADOPTED.

It is further ordered that Plaintiff's motion for default judgment (ECF No. 22) is DENIED.

DATED THIS 1st day of October 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE